**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **RAUL LOPEZ, individually** § <br> **and on behalf of all others** § <br> **similarly situated** § <br> § <br> **Plaintiff,** § <br> § <br> **v.** § <br> § <br> § <br> **WS ENERGY SERVICES, LLC** § <br> § <br> **Defendant.** § | **Docket No. _____** <br><br> **JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

**I. SUMMARY**

1. Raul Lopez ("Plaintiff") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") from WS Energy Services, LLC ("WS" or "Defendant"). Plaintiff, and other workers like him, worked for Defendant performing largely technical and manual labor type job duties, typically worked in excess of 40 hours a week, and were employed as a Operators, Hands, and/or Trainees. Instead of paying overtime as required by the FLSA, Defendant paid all Operators, Hands, and Trainees, a hybrid base salary and day-rate. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers as a result of Defendant's violations of the FLSA.

**II. JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Defendant conducts substantial business in this District and Division and maintains places of business in Premont, Jim Wells County, Texas which is located in this District and Division.

### III. THE PARTIES

5. Raul Lopez worked for Defendant during the relevant statutory time period as an Operator. His consent to be a party plaintiff is attached as Exhibit A.

6. The class of similarly situated employees ("Putative Class Members") consists of:

> **ALL OPERATORS, HANDS, AND TRAINEES EMPLOYED BY WS ENERGY SERVICES, LLC IN THE PAST THREE (3) YEARS WHO WERE PAID A BASE SALARY AND A DAY-RATE WITH NO OVERTIME COMPENSATION.**

7. Defendant may be served through its registered agent Troy J. Williams at 6150 Deer Run Circle, Sandia, Texas 78383.

### IV. FACTS

8. WS is an oilfield services company specializing in providing torque and test services. WS maintains places of business in Premont, Texas. http://www.wseservices.com/about.html

9. To offer these services, WS employs numerous Operators, Hands, and Trainees. These individuals makeup the proposed Putative Class. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

10. Plaintiff worked for WS as a Hand.

11. Plaintiff's primary job duties included rigging up and rigging down oilfield equipment, operating oilfield machinery, and reporting daily activities to his supervisors.

2

Plaintiff would conduct his day-to-day activities within designated parameters and in accordance with predetermined well, workover, completion, and operational plans.

12. Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or its clients. Virtually every job function was predetermined by Defendant, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters. Moreover, Plaintiff's job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

13. Plaintiff did not have any supervisory or management duties.

14. WS denied Plaintiff overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff regularly worked in excess of 40 hours a week, but never received overtime compensation. Instead of paying overtime, WS paid Plaintiff a salary and a day-rate for all hours work. WS applied this pay practice despite clear and controlling law that states that the manual labor/technical duties which were performed by Plaintiff consist of *non*-exempt work.

## V. CLASS AND COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff incorporates all previous paragraphs and alleges that the illegal pay practices WS imposed on Plaintiff were similarly imposed on the Putative Class Members.

16. Numerous employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA.

17. Numerous other employees who worked with Plaintiff have indicated that they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

3

18. Based on his experiences and tenure with WS, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members.

19. The Putative Class Members all received a hybrid base salary and a day-rate, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation.

20. Defendant's failure to pay wages and overtime compensation at the rates required by federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members.

21. Plaintiff's experiences are therefore typical of the experiences of the Putative Class Members.

22. The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

23. Plaintiff has no interests contrary to, or in conflict with, the members of the FLSA Class, as defined below. Like each member of the proposed classes, Plaintiff has an interest in obtaining the unpaid overtime wages owed under federal law.

24. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

25. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and WS will reap the unjust benefits of violating the FLSA.

26. Furthermore, even if some of the Putative Class Members could afford individual litigation against WS, it would be unduly burdensome to the judicial system.

27. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

28. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   (a) Whether WS employed Putative Class Members within the meaning of the applicable federal statutes, including the FLSA;

   (b) Whether the Putative Class Members were improperly classified by WS as exempt from overtime compensation;

   (c) Whether WS's decision to classify the Putative Class Members as exempt was made in good faith;

   (d) Whether WS's violation of the FLSA was willful; and

   (e) Whether WS's failure to pay Plaintiff and the Putative Class Members overtime pay due to them by virtue of their uniform designation as exempt.

29. Plaintiff's claims are typical of the Putative Class Member's claims. Plaintiff, the Putative Class Members with FLSA claims have sustained damages arising out of WS's illegal and uniform employment policy.

30. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

31. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### VI.   COVERAGE UNDER THE FLSA

32. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

34. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

35. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### VII.   FLSA VIOLATIONS

36. WS employed Plaintiff and each Putative Class Member.

37. All Putative Class Members are afforded the protections of the FLSA.

38. During the limitations period, WS had a policy and practice of refusing to pay the Putative Class overtime for hours worked in excess of 40 per week.

39. WS's failure to pay Plaintiff and the Putative Class overtime at rates not less than one and one-half times their regular rates is a violation of 29 U.S.C. § 207.

40. The foregoing conduct constitutes a willful violation of the FLSA. Due to WS's FLSA violations, Plaintiff and the Putative Class are entitled to recover from WS their unpaid overtime compensation, an amount equal to their unpaid overtime compensation as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

## VIII.  JURY DEMAND

41. Plaintiff demands a trial by jury.

## IX.  RELIEF SOUGHT

42. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

   b. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

   c. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees;

   d. For an Order awarding Plaintiff (and those who have joined in the suit) unpaid benefits and compensation in connection with the FLSA violations;

   e. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON**

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    Fed. Id. 27157
    State Bar No. 24014780
    mjosephson@fibichlaw.com
    **Andrew W. Dunlap**
    Fed Id. 1093163
    State Bar No. 24078444
    adunlap@fibichlaw.com
    **Lindsay R. Itkin**
    Fed Id. 1458866
    State Bar No. 24068647
    litkin@fibichlaw.com
    1150 Bissonnet
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile

    **AND**

    **Richard J. (Rex) Burch**
    State Bar No. 24001807
    rburch@brucknerburch.com
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**